## IN THE UNITED STATE DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **TAMMIE MYERS,** | : | **Civil Action No. _____** |
|  | : |  |
| **Plaintiff** | : |  |
|  | : |  |
| **v.** | : | **JURY TRIAL DEMANDED** |
|  | : |  |
| **SCHENKER, INC.,** | : |  |
| **d/b/a DB SCHENKER,** | : |  |
|  | : |  |
| **Defendant** | : | *ELECTRONICALLY FILED* |

## COMPLAINT

Plaintiff, Tammie Myers ("Ms. Myers"), a resident of Franklin County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above named Defendant, Schenker, Inc. d/b/a DB Schenker ("Schenker"), demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.      Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343 and 1367.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

3.     Ms. Myers is an adult individual residing in Franklin County, Pennsylvania.

4.     Defendant Schenker is a New York corporation which operates out of a business location at 9300 Olde Scotland Road, Shippensburg, Cumberland County, Pennsylvania.

5.     At all times relevant to this Complaint, Schenker employed in excess of fifteen (15) individuals and was engaged in the business of interstate logistics services.

## ADMINISTRATIVE PROCEEDINGS

6.     On or about January 28, 2016, Ms. Myers filed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2016-01515.

7.     The EEOC referred the matter to the Pennsylvania Human Relations Commission ("PHRC") for purposes of dual filing.

8.     Ms. Myers has been advised of her right to sue in federal court, which notice was received on or about December 2, 2016.

9.     All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

10.    Ms. Myers was hired to work as a forklift operator for Schenker on or about June 27, 2015.

11.    Within a couple weeks of her beginning to work for Schenker, in or around July 2015, Ms. Myers started to become subject to sexual harassment from male employees.

12.    Male employees would touch Ms. Myers inappropriately as well as make inappropriate sexual comments to her.

13.    For instance, Danny Smith, a Reach Truck Operator, said things to Ms. Myers such as:

   a.  he could not wait to get his new teeth so he can "eat her out";

   b.  he wanted Ms. Myers to meet up with him so he could "bang her pussy out"; and

   c.  "nobody can eat pussy" like him.

14.    On one occasion when Ms. Myers was training another employee in front of the office, Mr. Smith slapped Ms. Myers on her rear end.

15.    Mr. Smith's comments and actions, which occurred on a regular basis, were unwelcome, and Ms. Myers advised him accordingly.

16.     Another male employee would tell Ms. Myers how "sexy" she looked in certain clothing.

17.     Additionally, a group of male employees were brought in from North Carolina from time to time who made sexually inappropriate comments towards Ms. Myers and other female employees.

18.     On another occasion, the company's Operations Manager, Rodney Lewis, asked Ms. Myers to go out with him and meet him at the Norland Pub, and when Ms. Myers declined his invitation, Mr. Lewis began to retaliate against Ms. Myers by treating her worse at work.

19.     Ms. Myers often witnessed other female employees being sexually harassed in the same manner as she was.

20.     On numerous occasions, beginning in or about July 2015 and continuing throughout her employment with Schenker, Ms. Myers reported the inappropriate and unwelcome conduct of her male co-workers, including Mr. Smith and Mr. Lewis, to her supervisors and to Human Resources, and nothing was done to stop the harassment and retaliation.

21.     Ms. Myers then filed an Intake Questionnaire with the EEOC.

22.     Subsequent to Ms. Myers's submission of EEOC Case Number 530-2016-01515 via a signed Intake Questionnaire dated January 28, 2016, the sexual harassment Ms. Myers endured at the workplace continued.

23.     Some time after Ms. Myers reported the harassment to her managers, a meeting was held with both male and female employees.

24.     At that meeting, the Operations Manager advised the female employees that they would have to deal with this type of sexual harassment because of the work environment, and condoned male employees' inappropriate sexual conduct because the male employees had to work long hours in the presence of female employees, and presumably could not be expected to refrain from sexually harassing the female employees.

25.     After Schenker became aware of Ms. Myers's EEOC charge, management began to retaliate against her as well.

26.     Ms. Myers was verbally harassed, including being yelled at in her face.

27.     Ms. Myers was assigned unsafe equipment without proper training and then her job was threatened if she did not operate this unsafe equipment.

28.     Because it was apparent that the sexual harassment was not going to stop, and management was actively retaliating against her for her good faith reports of harassment and her EEOC charge, Ms. Myers was compelled to resign her position on March 28, 2016, which amounted to constructive termination.

29.    Schenker's sexual harassment, retaliation and discrimination violated Ms. Myers's rights under Title VII of the Federal Civil Rights Act of 1964 and the Pennsylvania Human Relations Act.

## COUNT I
## (SEXUAL DISCRIMINATION AND HARASSMENT)

30.    The averments of Paragraphs 1 through 29 above are incorporated by reference as though fully set forth herein.

31.    Schenker created, permitted, tolerated, encouraged and fostered a sexually hostile, intimidating, demeaning, degrading and demoralizing environment, which hostile environment was ongoing and pervasive throughout a significant period of Ms. Myers's employment.  The acts of Schenker, and its officers, agents and employees manifesting this hostile environment, insofar as they are known to Ms. Myers, included:

a)    making crude and graphic sexual remarks towards Ms. Myers and other women;

b)    making unwanted sexual advances towards Ms. Myers; and

c)    using foul and salacious language and permitting the use thereof.

32.    The hostile sexual environment was known to Schenker's managers and owners, who took no meaningful or effective action to

terminate the offending behavior, to remove the offending environment or to discipline the offensive employees.

33.     As a consequence of the hostile environment supported and encouraged by Schenker's actions and failures to act, Ms. Myers was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

34.     As a result of the sexually hostile environment Ms. Myers has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

35.     The actions of Schenker set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and

appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT II
## (RETALIATION)

36.     Paragraphs 1 through 35 above are incorporated herein by reference as if more fully set forth at length.

37.     Subsequent to Ms. Meyers rejecting Mr. Lewis's sexual advances and making good faith complaints of the sexual harassment she was forced to endure, Schenker retaliated against Ms. Myers by making her working conditions materially worse.

38.     As a consequence of the retaliatory behavior of Schenker and its managers, Ms. Myers was subjected to emotional distress, humiliation, ridicule and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury and damage.

39.     As a result of the hostile environment Ms. Myers has suffered emotional distress, physical injury, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

40.     The actions of Schenker set forth above constitute violations of Title VII of the Civil Rights Act, 42 U.S.C. §2000e et seq. (as amended) and the Civil Rights Act of 1991.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT III
## (CONSTRUCTIVE TERMINATION)

41.     Paragraphs 1 through 40 above are incorporated herein by reference as if more fully set forth at length.

42.     Despite Ms. Myers's numerous reports of sexual harassment and discrimination, Schenker took no meaningful action to curtail this behavior and retaliated against Ms. Myers, eventually leaving Ms. Myers with no reasonable option but to terminate her employment with Schenker.

43.     Schenker's constructive termination of Ms. Myers has caused her to suffer a loss of earnings as well as emotional distress, physical injury,

a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment in her favor and against Defendant, together with compensatory damages, punitive damages, reasonable attorneys' fees and costs, and any such other relief as this Honorable Court deems just and appropriate, which total amount exceeds the jurisdictional limits for mandatory arbitration referral.

## COUNT IV
## (PHRA Allegations)

44.     Paragraphs 1 through 43 above are incorporated herein by reference as if more fully set forth at length.

45.     This is an action arising under the provisions of the Pennsylvania Law, to wit, Title 42 P.S. §951, et seq. (the "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendant jurisdiction over the same because the cause or action complained of in this Count IV arises out of the same facts, events and circumstances as Counts I, II and III and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

46.     By engaging in the creation and fostering of a sexually hostile environment, Schenker, violated the provisions of Title 43 P.S. §955 which prohibit discrimination and harassment based upon sex.

47.     As more fully set forth in Counts I, II and III, Ms. Myers has suffered directly and solely as a result of Schenker's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future.

WHEREFORE, Plaintiff, Tammie Myers, respectfully prays that judgment be entered in her favor and against the Defendant, Schenker, Inc. d/b/a DB Schenker, for all of the relief sough in Counts I, II and III, supra, and such other and further relief provided by the Pennsylvania Human Relations Act, together with an award of attorneys' fees and costs of suit.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

January 31, 2017                  /s/ Larry A. Weisberg
Date                             Larry A. Weisberg, Esquire
                                 PA Bar I.D. #: 83410
                                 lweisberg@mwcfirm.com

                                 Derrek W. Cummings, Esquire
                                 PA Bar I.D. #: 83286
                                 dcummings@mwcfirm.com

                                 Stephen T. Mahan, Jr.
                                 PA Bar I.D. #:  313550
                                 smahan@mwcfirm.com

                                 2041 Herr Street
                                 Harrisburg, PA 17103-1624
                                 (717) 238-5707
                                 (717) 233-8133 (FAX)

                                 Attorneys for Plaintiff